# IN SPECIAL TERM.

## NORTON R. SMITH *v.* TIMOTHY R. FLETCHER.

On motion for new trial, before BLAIR, Judge.

### *Husband—When liable for purchases by wife.*

Goods purchased by wife when she was already sufficiently supplied with articles of the same kind, are not necessary articles, and recovery can not be had against the husband for their value.

### *Cohabitation—Law presumes husband to assent to contracts —How presumption may be repelled.*

In a legal sense, husband and wife can not be considered, living separate, and apart; though they do not live together, if cohabitation continues between them. The law presumes that during cohabition the husband assents to contracts made by the wife for articles suited to their means and station in life, as the implied agent of her husband, and he is held liable on such contracts.

Misrepresentation, of what may be necessary, may be repelled *inter alia*, by showing undue extravagance of the wife.

### *Wife—When can not bind husband by her purchases.*

If, however, the husband supplies her properly, with means, or necessaries, whether living with her, or living separate and apart from her—in either, and in such case, she is not his agent, and can not bind him by her purchases.

*Merchant—When husband not liable for wife's purchases.*

It is not incumbent upon the husband to show that at the time of the pur-
chase by the wife the tradesman knew that she was already supplied. He
supplies the articles at his own peril if he takes no pains to ascertain
whether or not the necessity exists, and if necessity does not exist, the
husband is not responsible.

*Voss & Davis,* for plaintiff.

*N. B. & E. Taylor,* for defendant.

The plaintiff brings this suit to recover for a bill of goods
alleged to have been sold, and delivered to the defendant.

The issues joined in this case, and upon which the parties
went to trial, present the questions whether the defendant
and his wife lived separate and apart from each other, and
whether that separation was the fault of the husband, or of
the wife, who purchased the goods, or whether or not the
goods were necessaries.

The plaintiff proved the sale of the goods to the wife of
the defendant.

The defendant introduced no evidence to show that their
being separate was the fault of the wife, and hence all
evidence relating to the conduct toward each other, of the
defendant and his wife was excluded. All the evidence
offered, bearing upon the question of their living together,
was admitted.

I think there was no evidence excluded, therefore, that
would have been proper to be considered by the jury, unless
it was the fifteenth question, and answer, in the deposition
of James D. Fletcher, as bearing upon the question whether
or not the goods purchased by the wife were suited to her
station, &c., in life.

The witness was asked to compare the quality of the
goods purchased by the wife of the defendant with those
usually purchased by the defendant for her. In the sense of
ascertaining the position in society and standing, which the

defendant had authorized her to assume, this question would seem to be relevant.   But the answer of the witness, I conceive, gives no facts which should have weight with the jury.   He says *some* goods purchased by him for *her were more costly*, but he gives no clue to the kind of articles, to show that they were similar.   He only speaks of a gold watch for her, costing $115, and a diamond pin, which the witness was wearing, that cost $150.   It is not shown that she was ever in the habit of wearing the diamond pin, or that it was really bought for her use.   The witness says the defendant bought it, and gave it to his wife, and he was wearing it.   The inference is, that it was not for her to wear, and was not a ladies pin.   And the only importance that can properly be attached to the statement is, that the witness was giving his testimony when in full dress, and wearing costly jewelry.

I conclude, therefore, that there was no error in excluding this part of the evidence.

The objections urged most, are to the instructions given by the Court.   I think there was no error in the statement of the issues joined.   It is true, as before stated, that the question as to who was to blame for the separation of the defendant and his wife, was not entered into, the evidence. But as this proved only one of the questions combined with the others in the same answer, a plain statement of the issues joined on paper can not be supposed to have misled the jury.   The jury were instructed, that if they should find " that at the time the goods were purchased the wife was already sufficiently supplied with articles, of the kind purchased, you can not in such case find that the articles purchased were necessaries."   It is insisted that this instruction was erroneous, because the plaintiff is not bound to inquire whether she was already supplied, and to relieve the defendant from liability, the plaintiff must have knowledge that the wife was already supplied.

The jury were also instructed, that if at the time of the purchase they were living separate and apart, " and she was possessed of sufficient means of support, held in her own right, whether furnished by the defendant, or arising from her separate estate, the defendant can not be held liable even for necessaries,"     *     *     *     unless he promised to pay for them.

It is insisted that this instruction was error, for the reason, that unless the plaintiff in such case has knowledge of her being so supplied, the husband will be liable, and that he is not bound to inquire before selling the goods.   These objections can conveniently be considered at the same time.   The facts of the case presented some peculiarities not usually met with.   The defendant and his wife neither lived separate and apart, nor did they live together in the sense in which those terms are usually employed.   The defendant resides most of the time in this city by himself.   The wife keeps house, and resides most of the time in Dayton, Ohio.   The defendant occasionally goes to Dayton, or did prior to, and up to about the time of the purchases, and while there made his home with his wife, cohabiting with her, and assisting in supplying the household with provisions, &c.   His wife, up to about the time, or shortly before the last purchase was made, was in the occasional habit of coming to this city, and cohabiting with her husband.   The house at Dayton seems to have been almost exclusively under the control of the wife, though the defendant, when in Dayton, speaks of it as his home, but all the facts and circumstances seem to point it out as her establishment.   She was possessed of means, sufficient of support, equal, or almost equal, to that of the defendant, her husband.   In this view of the case, it is not very important whether they lived together or lived apart, in the ordinary sense of these terms.

The objections to the instructions present the true questions:

Smith *v.* Fletcher.

*First,* If they lived together, or if they lived separate and apart, and the wife was already sufficiently supplied with articles of the kind purchased, can the husband be held liable for purchases made by the wife, of a tradesman who had no knowledge of her being so supplied.

*Second,* If she had sufficient means of her own to supply her wants, can the husband be held liable, while she is living apart from her husband, even for necessaries supplied by a tradesman who has no knowledge of the means possessed by the wife.

The case of *Litson* v. *Brown,* 20 Ind., 489, is cited in support of the position assumed by the plaintiff, that the tradesman must be shown to have had knowledge, and that it is not his duty to inquire as to facts and condition of the parties. In the case cited the action was against the husband to recover for the board of the wife while living separate from her husband, and prior to a decree of divorce. When the wife went to Court with the plaintiff, and for some time afterward, she had no means of her own. She afterward received money and loaned a part of it to the plaintiff, and the Court says " the wife, after the receipt of the money from Brown, was possessed of means sufficient to supply her reasonable wants and necessities up to the time of the decree of divorce; the plaintiff knew that fact, and therefore had no claim to the defendant for the wife's board during that period; but for the time prior to the receipt of that money, we think the defendant was liable.

It will be seen that there was nothing in the case calling the attention of the Court to the materiality of knowledge on the part of the plaintiff that the wife had means of her own, and although the language of the Court might lead one to infer that some stress was laid upon the knowledge possessed by the plaintiff, it can not be said that the Court held it material, and that the decision would have been otherwise had the plaintiff been ignorant of the receipt of means by the wife.

An examination of the grounds upon which the husband is held liable upon contracts made by the wife, for the supply of necessary articles, suitable to their means and station in life, will aid us very much in determining the questions presented    The husband is bound to support and maintain the wife, and to furnish her with necessaries, and the law presumes, that during cohabitation, the husband assents to contracts made by the wife, for the supply of articles suited to their means and station in life.    The law presumes that in such cases, the husband makes the wife his agent, and it is because she is the implied agent of the husband that he is held liable on such contracts.    *Litson* v. *Brown, supra.*

This presumption of law may be rebutted; it is not conclusive.    The presumption may be repelled in a variety of ways.    Evidence showing the extravagant nature of the wife's order is properly admitted as tending to negative the husbands authority.    *Lane* v. *Ironmonger*, 13 M. & W., 368. The principles that lie at the foundation, therefore, of the law upon this subject, lead us to the following proposition. If the husband and wife are living together, or living separate and apart from each other, under such circumstances, that he is bound to support her, and he omits to furnish her with necessaries, (if they are living together, or if living separate, and she has not the means of procuring them), he makes her his agent to procure them; if he supplies her properly in either case, she is not his agent.

It is scarcely necessary to say, in view of these principles, which are abundantly sustained by authority, that it is not incumbent upon the defendant to show that the plaintiff, at the time of the purchases by the wife, knew that she was already supplied, or that he knew that she possessed sufficient means of support.　But there are several cases directly in point upon these questions.

In the leading case of *Mortague* v. *Benedict*, 3 B. & C., 631, Justice Holroyd uses the following language:  " When

a tradesman takes no pains to ascertain whether the necessity exists or not, he supplies the article at his own peril; and if it turns out that the necessity does not exist, the husband is not responsible for what may be furnished to his wife without his knowledge."

In the case of *Seaton* v. *Benedict*, 52 Bing., 28, Chief Justice Best uses the following language: "It may be hard on a fashionable milliner, that she is precluded from supplying a lady without previous inquiry into her authority. The Court, however, can not enter into these little delicacies, but must lay down a rule that shall protect the husband from the extravagance of the wife." Many other cases could be cited in support of the same view—in fact, I have found none holding otherwise. *Mizen* v. *Peck*, 3 M. & W., 481; *Reeve et al* v. *The Mayor of Covington*, 2 C. & H., 644; 2 Smith's Leading Cases, 488.

---

NOTE.—If the husband makes suitable provision for the wife, he is not liable when she, without his approbation, expressed or implied, undertakes to pledge his credit, though for what might otherwise be deemed necessaries. *Bishop on Marriage and Divorce*, Vol. 1, *page* 553, § 553.

"Cohabitation is presumptive evidence of the assent of the husband" to being bound by the wife's contract for "necessaries" for herself and family, but nothing more. And by the word "necessaries," as here used, is perhaps meant, those things which are *prima facie* such, not taking into account the matter of the husband's supplying, or failing to supply, the things in sufficient profusion, by his own personal order; yet, if she obtains an over supply, whether from one trader or many, the agency will not be presumed. *Ibid*, § 556.

*Presumed Agency:* If the husband leaves for a temporary purpose the matrimonial habitation, and leaves house and effects in the care of his wife, there is a presumption, the precise extent of which varies with circumstances, and is not well defined in the law, that she has authority to deal with such property, and to pledge his credit. *Ibid*, § 561.

He is bound to fulfill the contract of his wife, when it is such a one as wives, according to the usage of the country, commonly make. If a wife should purchase at a merchant's store, such articles as wives in her rank in life usually purchase, the husband ought to be bound; for it is a fair pre-

sumption that she was authorized so to do by her husband. *Reeves' Domestic Relations, page* 158, 3*d Ed.*

In seeking for that point at which the husband's liability on the contracts of his wife for goods ceases, several circumstances are to be taken into consideration: 1. The standing of the parties in society as to wealth. 2. Whether the goods furnished were necessaries. 3. Whether the articles furnished were such as the wife was accustomed to contract for with his consent, or whether he voluntarily received any benefit from the contract. In addition to this, it is sometimes necessary to consider the husband's willingness to furnish her with necessaries; for if he is sought to be charged on the ground of his misconduct, or refusal to furnish them, other circumstances must concur. What might be considered necessaries in one case, would not in another. (*Montague* v. *Benedict,* 3 *Barn. & Cress.*) But if the husband permits his wife to assume a style, and appearance in life above her real station, he is liable for necessaries suitable to such apparent condition. *Hunt* v. *DeBlanquiere,* 5 *Bing.,* 550.

The husband is bound by his wife's contracts for necessaries for herself, when he refuses to provide them. This rests wholly on the ground of its being a duty in him to provide necessaries for his wife, which the law will enforce. His consent is not necessary, and it can never be presumed in the case where he refuses to provide them for her. If he should turn her out of doors, and forbid all mankind from supplying her with necessaries, yet he would be bound to fulfill her contracts for necessaries. The case is the same if she depart from her husband with reasonable cause, and refuse to cohabit with him. *Reeves on Domestic Relations, page* 160, 3*d Ed.*

He must maintain his wife with necessaries, according to his rank in life, as long as she cohabits with him, and when she does not, if she have sufficient reason for refusing so to do; but if she depart without cause, he is not chargable with her contracts for maintenance. *Ibid,* 161, *and Note* 1.

But if the wife departs from her husband without cause, and without his consent, he will not be chargable. *Manly* v. *Scott,* 1 *Mod. Rep.,* 128.

Those who trust a wife, who has separated from her husband, do it at their peril. They must look to the grounds of their separation. *Billing* v. *Pilcher,* 7 *B. Monr.,* 458, *and* 5 *R. I.,* 343.

If the husband and wife part by consent, and he secures to her a separate maintenance, suitable to his circumstances and condition in life, and pays it according to agreement, he is not answerable even for necessaries. *Calkins* v. *Long,* 22 *Barbour,* 97.

But in an action against a husband, for goods supplied to his wife, living apart from him, the plaintiff must adduce some evidence of the circumstances of the separation to show that the wife had authority to bind her husband for necessaries. (*Edwards* v. *Towels,* 6 *Scott, N. R.,* 641.) Where a party is especially forbid to furnish the wife, in order to make the hus-

band liable, he must prove that the husband did not supply her with necessaries suitable to her condition. *Mott* v. *Comstock*, 8 *Wend.*, 544; *Baker* v. *Barney*, 8 *Johns. Rep.; Turner* v. *Lewis*, 10 *Johns. Rep.*, 38.

When the wife does not cohabit with the husband, they having separated by mutual agreement, and the wife has a separate allowance; if this separation be a matter of notoriety, the husband is not chargable for her contracts, although made for necessaries. *Reeves' Domestic Relation, 3d Ed., page* 165.

Husband may, as long as wife cohabits with him, forbid certain parties from trusting her, unless the prohibition is so extensive as to render it impossible or difficult for her to procure necessaries, when such prohibition would be of no avail. *Reeves' Domestic Relation, 3rd Ed., page* 165.

If a husband and wife are living separate, inasmuch as such separate living is just as consistent with a state of facts in which the husband would not be liable on her contracts for necessaries, as with a state of facts in which he would be so liable, the creditor, who has trusted her on her husband's account, must prove the existence of the circumstances from which the liability springs. *Bishop on Marriage and Divorce, Vol.* 1, § 620.

But the marital relation alone will not render a husband liable, by raising a presumption of agency in the wife, where her orders for goods are of an extravagant nature, disproportionate to the husband's apparent ability." 1 *Greenleaf, Ev., 12th Ed., p.* 51, *and authorities cited.*