The action was brought to recover damages for the breach of the covenants of seizin and against incumbrances comprised in a deed executed by the defendant to the plaintiffs, conveying the lands mentioned and described therein, and the following are the facts agreed upon by the parties for the consideration of the court:
1. That on 6 March, 1848, one L. Whitfield, of the counties of Lenoir and Carteret, in the State of North Carolina, executed his last will and testament, and shortly thereafter died in the county of Carteret.
2. The will was shortly thereafter duly admitted to probate and recorded.
3. That in the 8th item of said will he, the testator, bequeathed and devised in the following words, viz.: "I give, bequeath, and devise to my five grandsons, the sons of Allen Whitfield, viz.: Lewis Whitfield, (306) Jr., Allen Whitfield, Jr., William B. Whitfield, Nathan B. Whitfield, and James B. Whitfield, all of my lands in Sampson County and that part of my lands in Wayne County on the south side of Neuse River; also that part of my lands lying on the north side of Neuse River, in Wayne County, in the bend of said river and within the following bounds (giving certain lines), to them or the surviving part of them; and in the event of the death of the aforesaid Lewis Whitfield, Allen Whitfield, William B. Whitfield, Nathan B. Whitfield, and James B. Whitfield, sons of Allen Whitfield, deceased, leaving no heirs of their own body, then and in that case the aforesaid lands shall be equally divided between Tabitha Wooten and Mary Jane Whitfield, daughters of Allen Whitfield, deceased, or their children. I hereby wish it to be distinctly understood that each son of Allen Whitfield, deceased, as above *Page 259 
named, shall receive his proportional share of said lands when he arrives at the age of twenty-five years, and not before."
4. That that part of said lands comprised in said deed from the defendant to the plaintiffs, and concerning which this action has been brought, is a part of the lands devised in the said 8th item of said will.
5. That Lewis Whitfield, Jr., Allen Whitfield, Jr., the defendant, W. B. Whitfield, Nathan B. Whitfield, and James B. Whitfield, all of the primary devisees named in the said 8th item of said will, survived the testator.
6. That all of the said primary devisees mentioned in the said 8th item of said will survived the age of twenty-five years, and thereupon all of the lands devised in the said 8th item were legally divided between all of said primary devisees, and that part of the said lands concerning which this action has been brought was allotted in said partition, together with other lands, to James B. Whitfield.
7. That on 10 July, 1862, James B. Whitfield died, unmarried, and without having or leaving issue of his body, leaving him surviving the other four primary devisees.
8. That on 12 May, 1864, Nathan B. Whitfield died, (307) unmarried, and without having or leaving issue of his body, leaving him surviving the other three primary devisees.
9. That on 15 February, 1866, both of the shares of said James B. and Nathan B. Whitfield, deceased, which were allotted to them in the partition proceeding, mentioned in the 6th section of this agreement of facts, were in one partition proceeding divided between the then surviving primary devisees named in the said 8th item of said will, viz.: Lewis Whitfield, Jr., Allen Whitfield, Jr., and the defendant, William B. Whitfield, and the said lands comprised in said deed from the defendant to the plaintiffs, and concerning which this action has been brought, was, among other lands, allotted in said partition to the said defendant, William B. Whitfield.
10. That Tabitha Wooten, one of the executory devisees mentioned in the 8th item of said will, died on 25 October, 1860, leaving her surviving several children, who are still living.
11. That Mary Jane Whitfield, the other executory devisee mentioned in the said 8th item in said will, is still living — the heirs at law of the said James B. and Nathan B. Whitfield, at the time of said division, being the said three primary devisees, and Mary Jane Whitfield and the children of Tabitha Wooten, the said executory devisees, mentioned in said 8th item.
12. That on 10 April, 1888, Lewis Whitfield, Jr., and Allen Whitfield, Jr., two of the primary devisees named in the 8th item of said will, executed a quit-claim deed to the defendant, William B. Whitfield, *Page 260 
by which they conveyed all of their rights, title, interest and claim in the lands that was allotted to the defendant, William B. Whitfield, in the partition proceedings mentioned in the 9th section above of (308) this agreement of facts, and the lands concerning which this action has been brought are a part of the same.
13. That said Lewis Whitfield, Jr., one of the primary devisees named in the 8th item of said will, died on 10 May, 1888, leaving him surviving several children.
14. That said Allen Whitfield, Jr., one of the primary devisees named in said 8th item in said will, is still living, married, and has children.
15. That the defendant, William B. Whitfield, the other primary devisee named in the 8th item of said will, has no issue of his body, and on 21 April, 1888, executed the deed to the plaintiffs in which is contained the following covenant in respect to the land therein mentioned, concerning which this action was brought: "And the said party of the first part, the said W. B. Whitfield, for himself, his heirs, executors and administrators, covenants to and with the said parties of the second part, their heirs, executors, administrators and assigns, that he is seized of the said lands hereby conveyed, in fee simple, and that he had a right to convey the same in fee, and has done the same by this indenture. That the said lands are free and clear from all encumbrances," etc.
16. That the parties of the second part named in said covenant are the plaintiffs in this action.
17. That if upon the facts above stated the court shall be of opinion that, in law or equity, the plaintiffs are entitled to recover, in whole or in part, judgment shall be given for the plaintiffs for $1,000 damages for the whole, or in that proportion for a portion, and cost; otherwise, judgment for the defendant, etc.
Upon consideration whereof the court declared its opinion to be that, "under the said 8th item of the last will and testament of Lewis Whitfield, Sr., the said devisees in said item named, having survived (309) the said testator, and arrived at the ages of 25 years, took an absolute title in fee simple in the lands described in said item; and that upon the death of the said devisees, Nathan B. and James B. Whitfield, without issue, their shares of the said lands went to their brothers and sisters, to wit: Wm. B. Whitfield, Allen Whitfield, Jr., Lewis Whitfield, Jr., and Mary Jane Whitfield and Tabitha Wooten, and that the deed from the defendant, Wm. B. Whitfield, conveyed only three-fifths interest in the said lands, the other two-fifths being the property of Mary Jane Whitfield and the children of Tabitha Wooten, deceased. It having been agreed by the parties to this action that if the court shall construe the said 8th item as above, then judgment shall be entered in favor of the plaintiffs against the defendant for the *Page 261 
sum of four hundred dollars, it is adjudged that the plaintiffs recover of the defendant the said sum of four hundred dollars with interest thereon, and the costs of this action.
From this judgment the plaintiffs appealed.
We concur in the construction put upon the clause of the testator's will, recited and set out in the case agreed, as warranted by the ruling inPrice v. Johnson, 90 N.C. 592, where the phraseology was similar.
It is there decided, following the reasoning in Hilliard v. Kearney, Busb. Eq., 221, as applied to a devise of an estate in common to several, which is defeasible, and no time is fixed in which it is to become absolute — whether at the death of the testator or of the devisee — the former will be accepted in the absence of any indication of a different time for the vesting, and when such indication does appear, the (310) time thus indicated will be adopted.
In that case the intention of the testator was made manifest in fixing the period at the arrival of the devisee at the age of twenty-five years.
The coincidence in the cases appears in the fact that the devisee in one case was let free, on attaining the prescribed period of life, to dispose of the property given him "as he pleased," while he could not do so before, and in the other the land was to remain in common until the several tenants attained the same age, and then each devisee was "to receive his proportionate share," that is, to have it separated and assigned to him as his own, and free from further limitations. The quality of survivorship thus being detached, and all being of full age under the requirements of the will, a division was made among the five original devisees, by which each became seized of an estate in fee in the several parts, and the devise to said Tabitha and Mary Jane, as an executory contingent limitation, fails, as it would by reason of the further fact that one of the five having died, leaving children, the contingency never can occur of death ofall without issue.
After the deaths of James B., in July, 1862, and Nathan B., in May, 1864, neither of whom were ever married, their shares were, in a proceeding for partition, divided among the surviving brothers, who, and Mary Jane and the children of Tabitha who died in October, 1860, were the heirs at law of the deceased intestates.
The defendant, William B., having acquired the several shares allotted in the second division to Lewis and Allen by a quit-claim deed from them to him, not embracing the lands allotted to them in the first division *Page 262 
among the five brothers, and having no issue of his body, by his deed of 21 April, 1888, conveyed to the plaintiffs, for the recited (311) consideration of three thousand dollars, all his, the grantor's estate, in the tracts thus divided among the three brothers, and which descended from the deceased two brothers, being estimated to contain fifty-five acres, with the covenant now sued on. It results that a good title has been conveyed to three-fifths parts of the said descended lands, while the title to two-fifths parts remained in the said Mary Jane and the children of Tabitha. The value of the defective title is $400, and the judgment awarding that sum is correct, and must be
Affirmed.
Cited: Whitfield v. Garris, 134 N.C. 35.