JAMES M. TREXLER, Adm'r, v. LOUISA HOLLER et al.

*Will — Construction — Fee simple — Contingency — Qualifying a
Fee-simple Estate.*

A testatrix left certain property to one L. H., her sister, with provision
that, should she die without lawful issue, the property so devised
and bequeathed to her should revert back to her estate: *Held*, (1)
that L. H. took a fee-simple estate, defeasible upon dying without
issue; (2) the testatrix contemplated the happening of such con-
tingency after her own death.

This was a CIVIL ACTION, brought for construction of will,
tried at the May Term, 1890, of ROWAN Superior Court, by
*Shipp, J.*

The testatrix of the plaintiff administrator with the will annexed, among other provisions in her will, provided as follows:

"1. I will and bequeath to my sister Louisa Holler my red bedstead and bed clothing.

"3. I will and bequeath all the balance of my estate of every sort and kind to my brother Godfrey Bescherer, Elizabeth Trexler, Margaret Ellis, Evelia Wilson, Christina Jackery, Louisa Holler, and the children of my brother John (as one share). This bequeath is to include money, notes and everything else, to them, their heirs and assigns forever, subject, nevertheless, to the following restrictions, to-wit: That part or parts of my estate willed to my sisters, Elizabeth Trexler, Margaret Ellis and Christina Jackery, to be to their entire use and control, or to the control of such persons as may be appointed by them, and not, in any event, to be subject to the use or control, or to the payment of the debts, of their husbands."

In a first codicil to this will she further provides as follows:

" Whereas, I, Sophia Bescherer, have made my last will and testament in writing, bearing date of the 22d day of July, A. D. 1869, and have thereby made sundry devises and bequests, according to the then existing circumstances, but which circumstances having been materially changed, I do, by this, my writing, which I do hereby declare to be a codicil to my said will, to be taken and construed as part thereof, will and direct that in item 3 of said will the following changes and additions shall be made so as to read after the words 'restrictions, to-wit:' That part or parts of my estate willed to my sisters, Elizabeth Trexler, Margaret Ellis, Christina Jackery, Evelia Wilson, and Louisa Holler, to be to their entire use, behoof and control, or to be under the control of such persons as may be appointed by them, and not, in any event, to be subject to the use or control, or to the payment of the debts, of their husbands, now or here-

after by marriage, and should my sister Louisa Holler die without lawful issue, then and in that event, it is my will and desire that the part or parts of my estate hereby willed to her shall revert to my estate to be divided equally among the other legatees heretofore named in said will."

In a second codicil it is further provided as follows:

"Whereas, the executor named in the foregoing will, viz., Thomas E. Brown, has moved to Texas, I do now, in this my codicil, to be taken as part of my will, revoke said appointment, and in lieu and instead thereof do nominate, constitute and appoint Moses L. Holmes as my only executor of this, my last will and testament; and it is further my will and desire that, Margaret Ellis having become insane, wherever, in the foregoing will, bequests and devises have hitherto been made by me to Margaret Ellis and her children, that the disposition of said bequests and devises shall be entirely changed so as to read to Moses L. Holmes as trustee of Margaret Ellis, for her sole benefit and use and behoof during her natural life, and at her death said bequests and devises shall go to my sister Christina and her children and my brother John and his children, share and share equally and alike, and instead of giving any interest whatever in said devises and bequests to the children of Margaret Ellis, either directly or remotely, I do hereby bequeath to each of said children, Mary and James, the sum of $50 each, to be paid by my executor, or his representative, out of my personal estate."

It is stated and agreed in the case stated on appeal—

"3. That the whole of said estate is, and will be, distributable in money to the legatees named in said will, of which the defendant Louisa Holler is entitled to a share of one-seventh part, amounting to about $1,200, when said estate shall be fully settled up.

"4. That the defendant Louisa Holler is the wife of the defendant George Holler, and is about fifty-two years old, and has never borne children.

"5. That the defendant Louisa Holler claims that, under the provisions of said will, she is entitled to one-seventh part of said estate absolutely, without any condition or restriction whatever.

"6. That the plaintiff administrator is advised and believes that said defendant is only entitled to receive the interest on the moneys aforesaid during her life, and that this Court should appoint a trustee to effectuate said trust for her benefit during life, and for the benefit of the legatees in remainder in the event of her dying without leaving lawful issue, and he demands judgment accordingly."

The defendant Louisa Holler contended that under the said will she took an absolute estate as one of the legatees, and the administrator that Louisa took only a fee-simple estate, defeasible upon her dying without leaving issue, and that a trustee should be appointed to hold the estate bequeathed to her, to pay her the interest thereon during her life, and after her death, in case she died without issue, to pay the principal to certain persons mentioned in said will.

His Honor was of opinion that Louisa Holler took a fee-simple estate, defeasible upon her dying without issue, and gave judgment accordingly, and appointed a trustee.

From this judgment Louisa Holler and her husband, George W. Holler, appealed.

*Mr. T. F. Klutz* (by brief), for plaintiff.
*Messrs. Craig & Clement* and *Charles Price* (by brief), for defendants.

MERRIMON, C. J.—after stating the facts: The intention of the testatrix must prevail, and that intention must be gathered and ascertained from a just and reasonable interpretation of the will itself, giving due weight and importance to its several specific provisions, and these as affected or modified by other parts of it, if there be such, bearing more or

less upon the same. Moreover, the interpretation must be made in the light of the rules of interpretation and principles of law applicable, the purpose being always to ascertain and effectuate the intention of the testator.

We are of opinion that the testatrix in this case did not intend that her sister Louisa Holler should take the property bequeathed to her absolutely, if she should survive the testatrix. She took the property absolutely, her title to be defeasible, however, if she should die without lawful issue, whenever this might be, after the death of the testatrix. It might be otherwise, and, as contended by the appellants, if the clause of the will simply prescribed, "and should my sister Louisa Holler die without lawful issue, then, and in that event, it is my will and desire * * * (that the share I gave her is) to be divided equally among the other legatees heretofore named in the said will." But the clause contains the other significant and important words, "that the part, or parts, of my estate hereby willed to her shall revert to my estate," etc. These words certainly imply that the testatrix contemplated that her sister should have the property in her possession and use the same as her own, and, in the contingency specified, it should "revert to my (her) estate to be divided," etc. Clearly, it was not intended that Louisa should have the property in her possession and use the same in the life-time of the testatrix. Then, if she had died in the life-time of the testatrix, how could the "part or parts" of the estate so bequeathed revert as and for the purpose intended? Obviously, it could not so revert. In the absence of any provision in the will to the contrary, it must follow that the testatrix had in view, and reference to, the death of her sister Louisa, the *feme* appellant, after her own death and after her will should take effect. Moreover, the clause in question contemplates "that the part or parts of the estate" that should so revert should be at once divided as directed, on the happening of the death of Louisa without

lawful issue; but this could not be done in the lifetime of the testatrix; she must, therefore, have intended that such division should take place on the happening of the contingency specified, after her own death. Such purpose further appears, in that the testatrix provides, in the first *codicil*, that the bequests to her sisters, including her sister Louisa, should "be to their entire use, behoof and control, or to be under the control of such persons as may be appointed by them, and not in any event to be subject to the use or control, or to the payment of the debts of their husbands now, or hereafter, by marriage." This contemplates the use and control of the property after the will took effect, and after the death of the testatrix.

The counsel for the appellants contended that if the testatrix intended that her sister Louisa should have only the use of the property bequeathed to her, she would have provided a trustee for her, as she did in the second *codicil* for her insane sister. This argument is not sound. She had a special reason for appointing the trustee for her insane sister—her insanity. This did not at all apply to Louisa. *Hilliard* v. *Kearney*, Busb. Eq., 231; *Davis* v. *Parker*, 69 N. C., 275; *Murchison* v. *Whitted*, 87 N. C., 465; *Price* v. *Johnson*, 90 N. C., 593; *Buchanan* v. *Buchanan*, 99 N. C., 308; *Williams* v. *Lewis*, 100 N. C., 143.

Judgment affirmed.