Ruffin, C. J.
 

 It is not to be denied, that at common law it was settled, that the words, “ if my son should die without lawful issue,” unexplained, imported, in a legal sense, the failure of issue at any indefinite time, whenever it might happen. And this was true, both in respect of real and personal property. There is in England a vast number of cases on this branch of the law ; beginning with that of
 
 Burford v Lee,
 
 2 Freeman, 210, and coming down to a very late day. Recently, they have been elaborately reviewed by Lord Brougham, upon an appeal from the Vice Chancellor, in the case of
 
 Campbell
 
 v
 
 Harding, 2
 
 Rus. &.
 
 *136
 
 Myliie, 390, and the doctrine re-asserted. In this State, the same construction has prevailed.
 
 Sutton
 
 v
 
 Wood,
 
 Conf, Rep. 202. In the case of
 
 Davidson v Davidson,
 
 1 Hawks, 163, the point was raised once more, and the court earnestly pressed to receive these words in their natural signification, of leaving issue living at the time1 of the death of the parent, so as to 'support a limitation over. But the judges, though with the utmost reluctance, felt obliged by authority to hold, that the limitation was too remote, although the words there were, “ die without having issue.” They were •not insensible, that this technical construction often defeated the intention of testators', and would readily have laid hold of any thing to take the ease out of the rule ; yet it had so long prevailed, and so much property depended on it, that no power, short of that of the Legislature, was competent to abrogate or modify it. Finally, however, the Legislature did interfere and pass the act of 1827, in which it is declared,-that “dying without heirs or issue,” shall be interpreted, “ dying without heirs or issue living at the time of the death” of the first taker; and thus this mischief stands corrected. But the act expressly provides, that; the rule of construction therein contained shall not extend to any will executed before the 15th of January, 1S28. Consequently, it does not operate on this will, which was made in 1801.
 

 ■
 

 Per Curiam. Judgment affirmed.