Ruffin. C. J.
 

 The Court holds, that the widow took for her life only. All the gifts to her are in one item or clause, and there is no word of gift in it, but loan” in the beginning. That, to be sure, is improperly used as a verbq but it is the vulgar use of it among the illiterate instead of “lend,” and the sense is’very plain here. It applies to all • the subjects of the bounty to the wife. The argument for the plaintiff is, that the language used in respect of this girl and
 
 the
 
 horses amounted to independent, and. thetefore,absolute
 
 *94
 
 gifts. But, besides the circumstance just noticed, that there is-no word of gift in reference to these things in particular, there are the facts, that those parts of the clause are connected, in each case, with what precedes them by the'word “also,” that is “in the same manner,” and showing that the wife was to. take them as she did the negroes given by name. This is rendered the clearer upon the will, because, in the same-clause, the land is afterwards given to the wife in a manner precisely similar to that of the gift of the girl to be chosen by her: that is, by the connecting adverb “also,” and without applying any word of gift or loan to the land in-particular: th’e words being, “also all my cleared land and as much of my. wood land as she may think proper;” yet. in the conclusion of this very clause,.alter giving over the negroes, lent to the wife, to four grand children,
 
 the
 
 testator adds, “ also the land loaned to my wife, at her death I wish to be divided” between two of these same grand, children. This is a plain declaration, that “.loan” in the. first- of the clause was understood by the testator as. reaching the land ; and consequently it relates to and controls all the gifts made to the wife in that clause and limits them to her life. The plaintiff, therefore, has no title to the slave Hasty, who is included with the others in the gift over to the four grand children. Nor has he a title to the horse for, although it is not limited over specifically after the death, of the 'wife, and although it be true that a loan for life of a personal chattel is a gift for life, and, without more, passes., the whole property, yet it has been held, that a residuary clause operates as a limitation of the interest of the tenant for life, and passes it over as effectually as if there had been an -express limitation over of the specific thing.
 
 Jones
 
 v Perry, 3 Ire. Eq.
 
 200
 
 —Speight v
 
 Gatlin,
 
 2 Dev. Eq. 5—
 
 Saunders
 
 v
 
 Gatlin
 
 1 Dev. and Bat. Eq. 86.
 

 Per CuriamI Judgment reversed, and judgment of hoa, suit according
 
 to
 
 the case agreed.