MARY E. DAVIS and another v. JOSHUA PARKER and others.

Testatrix, after providing for the payment of her debts and funeral expenses, says: "The balance of my property of all kind, I give to my grandson, John Thomas Hollowell, to him and to his heirs; and if he should die and leave no lawful heirs of his body, then and in that case, I give," &c.: *Held*, that the estate of John Thomas an absolute one at the death of the testatrix, and went upon his death to his representatives.

*Hilliard* v. *Kearney*, Busb. Eq. 221, cited and approved.

CONTROVERSY, which might be the subject of a civil action, submitted without action to *Clarke, J.,* at WAYNE Superior Court, 11th day of February, 1873, upon the following CASE AGREED:

In the year 1869, one Sarah Davis, of Wayne county, died, leaving a last will and testament, as follows:

"STATE OF NORTH CAROLINA,
WAYNE COUNTY.

" I, Sarah Davis, of said county, do, this 11th day of December, 1868, make and declare this to be my last will and testament, in manner and form following, viz.:

"It is my will and desire after my decease for my burial

expenses to be paid and all my just debts. The balance of my property of all kind, I give to my grandson, John Thomas Hollowell, to him and to his heirs; and if he should die and leave no lawful heirs of his body, then in that case, I give Celia Mayo the sum of two thousand dollars, to her and to her heirs, and all the balance of my property I give to my nearest relations, all except Joshua Davis and the children of his brother, John Davis, deceased. To Joshua Davis I give ten cents, and to each one of Joshua Davis' children ten cents—and the balance of my property to be equally divided among the balance of my nearest relatives.

"Lastly, I nominate my grandson, John Thomas Hollowell, my executor to this my last will and testament, to all intents and purposes.

"Given under my hand and seal, the day and date above mentioned."

Signed, &c.

This will was duly probated before the Judge of Probate of Wayne county, and recorded, and Jessee Hollowell was appointed and qualified as administrator, *durante minore aetate cum testamento annexo*, the said John Thomas Hollowell, being at the execution of said will an infant of 19 years of age.

At the date of said will the nearest relations of said testatrix were Matthew Davis, Joshua Davis, referred to in said will and Joshua Parker, who were her nephews.

Said Matthew Davis died after said testatrix and before John Thomas Hollowell, leaving Mary E. Davis, the plaintiff, his heir at law and distributee. Indiana Parker, another plaintiff, is a grand neice of said Sarah Davis, whose father, a nephew of said Sarah, had died in the lifetime of said Sarah, and before said will was executed.

There was devised by said will and included in the residuary clause thereof, a tract of land in said county. Per-

sonal property, which has been converted into money by said administrator was bequeathed in said will and said residuary clause, to the amount of $500.

John Thomas Hollowell died intestate in said county in the year 1871, without issue, and the said Jesse Hollowell was only qualified as the administrator of the estate. Jesse is the heir at law and distributee of John Thomas.

The debts due from the estate of the said Sarah Davis and the said John Thomas Hollowell are paid.

The plaintiffs demand judgment against the defendants that they be declared entitled to share in the lands and money devised and bequeathed by said will and said residuary clause equally with said defendant, Joshua Parker.

Said defendant, Joshua, denies the right of said plaintiffs, or either of them, to share in said property, claiming the whole as the "nearest relative" of said Sarah Davis. And the said Jesse Hollowell denies the right of either said plaintiffs or said defendant, Joshua, to share in said property, claiming the whole as the heir at law and distributee of said John Thomas, and demands judgment for his costs.

And the parties submit all their rights upon the above state of facts to the judgment of the said Court.

His Honor, upon full consideration of the case, adjudged:

1. That the plaintiff, Indiana Parker, and the defendant, Jesse Hollowell, are entitled to no part of the property devised and bequeathed by Sarah Davis' will.

2. That the plaintiff, Mary E. Davis, and the defendant, Joshua Parker, are entitled to the whole of said property in equal proportions; and that said Mary E., recover of said Jesse the sum of $250, being the whole amount of money in said Jesse's hands as administrator under said Sarah Davis' will; and that they recover possession of the tract or parcel of land mentioned in the "case agreed," as tenants in common.

18

And it is further adjudged that the costs be paid out of said fund.

From which said judgment the defendants and the plaintiff, Indiana Parker, appealed.

*Smith & Strong,* for defendant, Hollowell, submitted:

The defendant, Jesse Hollowell, excepts to the ruling of his Honor that the property devised and bequeathed by the will of Sarah Davis to John Thomas Hollowell, upon his death vested to her nearest relations, and did not descend to or vest in the said Jesse as heir at law and personal representative of the said John Thomas.

The facts as shown by the case agreed are, that the whole of her property, after payment of debts, was given by the said will to the said John Thomas, and his heirs, and if he should die and leave no lawful heir of his body, then all of her property remaining after a legacy of $200 was given to her nearest relatives; that the said Sarah Davis died in the year 1869, and that the said John Thomas died intestate and without issue, in the year 1871. *Hilliard* v. *Kearney,* Busb. Eq. 221. See at page 229, near the bottom, the very able opinion of Chief Justice PEARSON, where the authorities are cited and the reasoning elaborately gone into.

*Morriscy,* for plaintiff, Indiana Parker:

The plaintiff, Indiana Parker, excepts, because his Honor ruled that she was entitled to no part of the property devised and bequeathed by the will of Sarah Davis, but that the plaintiff, Mary E. Davis, and the defendant, Joshua Parker, were entitled to the whole thereof.

The facts as shown by the case agreed are, that the testatrix upon the death of John Thomas Hollowell, devisee and legatee, without heir of his body, devised and be-

queathed the whole of her property, excepting a legacy of $200, to her nearest relations, all except Joshua Davis, who was a nephew of the said testatrix, and the children of said Joshua's brother, John Davis, deceased, to each of whom she gave ten cents, and provided further that all the balance of her property should be divided amongst the balance of her nearest relations; that the said Indiana was a grand neice of said testatrix at the date of said will, whose father, a nephew of said testatrix, was then dead; that Matthew Davis, a nephew of said testatrix, was living at the date of said will, but died after the death of said testatrix, leaving the plaintiff, Mary E. Davis, his only issue; that the defendant, Joshua Parker, was a nephew of said testatrix, living at the date of said will, and that there were no nearer relatives, of the said testatrix at the date of said will, nor at her death, than said Matthew Davis, Mary E. Davis, Joshua Parker and Indiana Parker, the plaintiff.

The plaintiff insists that the exception from the general words of the gift of the children of her nephew, John Davis, shows the meaning in which the testatrix used the words, and that she supposed, that but for that exception said children would have been embraced within theirs.

In cases like this the ordinary grammatical sense has been adopted as the rule of construction "unless it shall appear from the other part of the instrument that a different meaning was intended." *Harrison* v. *Ward*, 5 Jones Eq. 240; *Simons* v. *Gooding*, 5 Ired Eq. 382.

Here it is clear that a different meaning was intended. That Matthew Davis, father of defendant, Mary E., was entitled at the death of testatrix. See *Jones* v. *Oliver*, 3 Ired Eq. 369.

RODMAN, J. This case is governed by *Hilliard* v. *Kearney*, Busb. Eq. 221, where the rule is thus stated: "When the estate is defeasible, and no time is fixed on at which it is to

become absolute, and the property itself is given and not the mere use of it, if there by any period intermediate between the death of the testator and the death of the legatee, at which the estate may fairly be considered absolute, that time will be adopted."

" If there be no intermediate period, and the alternative is either to adopt the time of the testator's death, or the death of the legatee generally. * * * As the period at which the estate is to become absolute, the former will be adopted unless there be words to forbid it, or some consideration to turn the scale in favor of the latter."

Here the testatrix after providing for the payment of her debts and funeral expenses, says, " the balance of my property of all kind I give to my grandson, Thomas Hollowell, to him and his heirs, and if he should die and leave no lawful heirs of his body, then and in that case I give Celia Mayo the sum of $200, to her and her heirs, and all the balance of my property I give to my nearest relations, &c."

The estate of John Thomas was an absolute one at the death of the testatrix, and went upon his death to his representatives.

A judgment may be drawn in conformity with this opinion. Judgment below reversed.

PER CURIAM.   Judgment reversed, and decree accordingly.