R. O. BURTON, Administrator, v. FANNIE CONIGLAND and others.

*Construction of Devise—Defeasible Estate, when it becomes absolute.*

A testator devised certain land to A subject to an usufructuary interest in one B until the said A should reach the age of twenty-one years; and if A should die leaving no child, then over; *Held,*

(1) That the effect of the will is to vest the estate *at once* in A.

(2) That the contingent limitation over in the event of the death of A

he leaving no child, must be restricted to a death occurring during the testator's life-time or the devisee's minority.

(3) That in either event the result is the same, vesting an absolute estate in A.

(*Hilliard* v. *Kearney*, Bus. Eq., 221; *Davis* v. *Parker*, 69 N. C., 271; *Baker* v. *Pender*, 5 Jones, 351; *Fuller* v. *Fuller*, 5 Jones Eq., 223; *Webb* v. *Weeks*, 3 Jones, 279; *Vass* v. *Freeman*, 3 Jones Eq., 221; *McDaniel* v. *McDaniel*, 5 Jones Eq., 351, cited and approved.)

SPECIAL PROCEEDING to sell land for assets commenced in the Probate Court of HALIFAX County, and heard on appeal at Chambers on the 12th of December, 1879, before *Seymour, J.*

After proceedings were had according to law, the plaintiff as administrator of Edward Conigland, deceased, sold the land and Robert P. Hervey became the purchaser, but refused to comply with the terms of sale upon the ground set out in the opinion, to wit, that a good title could not be made by the administrator. Thereupon a rule was served on the purchaser to show cause why he should not pay the amount bid, and upon the hearing the probate judge held that a good title could be made, and ordered Hervey to comply with the terms of sale. He appealed from this order to the judge of the district who affirmed the judgment, and he then appealed to this court.

*Mr. Thos. N. Hill*, for the plaintiff.
*Messrs. Day & Zollicoffer*, for the respondent.

SMITH, C. J. The plaintiff, administrator of Edward Conigland, filed his petition in the probate court against the heirs at law for license to sell the lands of the intestate, and under a decree therefor, sold a tract known as the "Pope Place," and estimated to contain four hundred and fifty-two acres, to Robert P. Hervey, at the price of two thousand dollars. The latter refused to comply with the terms of

sale, alleging that the intestate did not have an estate in fee in the premises. The plaintiff reported the sale and the failure of Hervey, and thereupon the court declaring its willingness to confirm the sale when the conditions were complied with, directed a rule to be served on the purchaser, requiring him to show cause why he had failed to do so. In answer to the rule, Hervey showed that the land formerly belonged to one William Doggett, who died in 1835, leaving a will in which he devises the same as follows: " I give and bequeath to my nephew John H. Ponton, my tract of land on Quankey known as " Longs," and which I purchased at the sale of the clerk and master in equity. My friend Mungo T. Ponton is to have the use and benefit of said tract of land until he, the said John H. Ponton, arrives to the years of twenty-one. If he dies leaving no child, I give it to his brother William Ponton, Mariah and Mary Ponton. Should they die leaving no child, I give it to brother Henry Doggett."

The devisee, John H. Ponton, who at the time of the testator's death was but eight years of age, on attaining his majority came into possession under the will, and by his deed of August 15th, 1856, purporting to pass the entire estate in fee, with full warranty, conveyed the land to William B. Pope, and on the same day Mungo T. Ponton released to him all his interest therein. Subsequently Pope conveyed to the intestate the land now in controversy, parcel of that devised by the testator William Doggett and conveyed as aforesaid.

The only question presented by the respondent is as to the sufficiency of the title derived under the will and thence transmitted to the intestate. The probate judge decided that the devisee took an estate in fee and overruled the defence. On appeal the judgment was affirmed by the judge of the superior court, and from this ruling the respondent appeals to this court.

The argument for the plaintiff and the numerous author-
ities upon which it rests, are conclusive of the question and
render it needless for us to pursue the subject in detail.
The effect of the clause is most clearly to vest the estate in
the devisee, John H. Ponton, at once, deferring however
his enjoyment of its profits, which are meanwhile given to
another, until he reaches the age of twenty-one years. The
contingent limitation over, "if he dies leaving no issue,"
must be restricted to a death occurring during the testator's
life-time or his own minority, and in either event, the result
is the same, vesting an absolute estate in John H. Ponton.
The opinion of the late B. F. Moore, a most learned and ac-
curate lawyer, given in reply to an inquiry of the intestate
as to the construction of the clause, some years since, and
read in the argument of plaintiff's counsel, limits the con-
tingency "to his dying and leaving no issue before he ar-
rives at full age." The subject is most elaborately and ably
discussed by the late Chief Justice, with his usual force and
clearness in *Hilliard* v. *Kearney,* Busb. Eq., 221, and the fol-
lowing conclusions reached :  " When the estate is defeasi-
ble and no time is fixed on at which it is to become absolute,
and the property itself is given and not the mere use of it,
if *there be any intermediate* period between the death of the
testator and the death of the legatee, at which the estate
may fairly be considered absolute, *that time will be adopted;* "
*e. g.,* a gift to A if he arrives at the age of twenty-one, but
if he dies without leaving a child, the property is to go to
B, the intermediate period is adopted, and the gift is abso-
lute at his age of twenty-one," quoting from *Horne* v. *Pillaus,*
2 M. & K., 22. And again, "if there be no intermediate
period and the alternative is either to adopt the time of the
testator's death or the death of the legatee generally, at some
time or other whenever it may happen, as the period at
which the estate is to become absolute, the former will be
adopted unless there be words to forbid it, or some consider-

ation to turn the scale in favor of the latter, *e. g.* a gift to A but in case of his death to B, the time of the testator's death is adopted as the period at which the bequest to A becomes absolute," referring to several cases to sustain the doctrine.

The same principle is affirmed and applied alike to real and personal estate in *Davis* v. *Parker*, 69 N. C., 271. See also the other cases cited for the plaintiff—*Baker* v. *Pender*, 5 Jones 351; *Fuller* v. *Fuller*, 5 Jones Eq., 223; *Webb* v. *Weeks*, 3 Jones, 279; *Vass* v. *Freeman*, 3 Jones Eq., 221; *McDaniel* v. *McDaniel*, 5 Jones Eq., 351; 2 Fearne on Rem., 339; *Horne* v. *Pillaus*, 7 Con. Eng. Ch. Rep., 238.

It must be declared there is no error in the ruling in the superior court and this will be certified that the cause may be proceeded with according to law.

No error.                                        Affirmed.