D. MURCHISON'S EXECUTORS v. T. S. WHITTED, Administrator, and others.

*Wills—Executors and Administrators.*

1. The testator, whose will was proved and administration taken out prior to the act of 1869, devised to the children of his deceased daughter certain lands, and provided if either of them should die without issue, then to go to the survivors and their heirs ; *Held* that the devisees take a fee simple estate in common, defeasible upon the death of either in the testator's lifetime, without a child ; in which event, his or her interest goes to the survivors.

2. An administrator cannot sell lands for assets to pay debts, which were sold by a devisee more than two years after his qualification ; nor such as were sold by the devisee within the two years, and sold after that time by his vendee to a purchaser for value and without notice.

(*Hilliard* v. *Kearney*, Busb. Eq., 221 ; *Davis* v. *Parker*, 69 N. C., 271 ; *Cox* v. *Hogg*, 2 Dev. Eq., 121 ; *Badger* v. *Daniel*, 79 N. C., 372, cited and approved.)

30

SPECIAL PROCEEDING begun in the probate court, and tried at Spring Term, 1882, of BLADEN Superior Court, before *Shipp, J.*

The proceeding was instituted to compel the defendant, Whitted, as administrator *de bonis non* with the will annexed of Isaac Wright, deceased, to sell certain lands which had been devised by the testator, to make assets for the payment of debts.

The petition was filed by the plaintiffs, as executors of D. Murchison, deceased, who had obtained a large judgment against Hugh A. Monroe, as administrator with the will annexed of said Isaac Wright who died in 1865. Monroe was appointed administrator in November, 1866, and he died in October, 1874, without having finished his administration, and the defendant, Whitted, on the 11th of October, 1875, was appointed administrator *de bonis non* with the will annexed of said Isaac Wright, whose will, among other things, contained the following clause (4th item), which is pertinent to the questions presented by this appeal :

"I give to the children of my deceased daughter, Lucy G. Monroe, to wit, Adolphus, Isaac Wright, William Clement, and Eliza Jane Monroe, all the land I own on the south side of the river, situated on either White's creek or Hammond's creek, and as it lies on the river and extends out from the same, embracing all the McDougald or other pieces or tracts; but if either should die leaving no child or children, nor child of the deceased to represent him or her, then to go to the survivors, to them and their heirs. The plantation on which their father lives, I have given him only during his life; after his death I give it to my deceased daughter, Lucy G. Monroe's, children already named, subject to the limitation before recited."

Eliza J. Monroe died childless in the lifetime of the testator ; Adolphus died childless in 1875 ; Isaac W. died childless in 1876.

W. V. B. Smith, one of the defendants, purchased from Isaac W. Moore for full value and without notice of plaintiff's claim, on January 20th, 1873, more than two years after the qualification of Hugh A. Monroe, the interest of said Isaac in the "Walker's bluff" tract—the land described in the deed of January 20th, 1873.

The interest of Adolphus Monroe in said tract, and also his interest and that of his brother, Isaac, in some "back lands" on White's creek, were sold by the sheriff under execution, and bought by Hedrick Ryan. This sale and purchase were within two years from the qualification of said Monroe as administrator.

Hedrick & Ryan sold to Daniel Miller within two years from the qualification of Monroe, and the executor of Miller sold the " back lands," mentioned above, to the defendants, Clark and Sutton, for full value and without notice of plaintiffs' claim, on March 3, 1873, more than two years after the qualification of Monroe. The other lands devised to Adolphus and Isaac were conveyed by them to Hugh A. Monroe, by mortgage, on July 29th, 1867, and said mortgage was foreclosed by suit in the superior court, and the lands sold by a commissioner for full value, on April 10th, 1876, and bought by W. A. Savage.

William C. Monroe sold his interest in the "back lands" to James Gardner, and his one-third interest in the "Walker's bluff" and the whole of the plantation referred to in the will, to H. A. Monroe, for full value, more than two years after the qualification of said administrator.

It was conceded that the lands sold by W. C. Monroe, more than two years after the qualification of the first administrator, were not liable to the plaintiffs' claim of the balance set forth in their complaint, and alleged to be due them from the estate of Isaac Wright, deceased.

Upon this state of facts, the court adjudged :

1. That the devisees took an estate defeasible upon their

death without issue—substantially a life estate; and that upon the death of all of them without issue, except W. C. Monroe, the whole estate survived to him.

2. That the conveyances of W. C., made more than two years after the qualification of the said administrator, are good and valid against the debt of plaintiffs.

3. That the conveyance of the interest of Adolphus and Isaac, though made more than two years after the qualification of the former administrator, are not valid against the debt of plaintiffs, inasmuch as any estate that may have passed to the purchasers from or under them, was defeated by their death without issue, and their estate then passed under the will to W. C. Monroe, the survivor.

4. That the conveyance of the estate of Adolphus, in "Walker's bluff" tract, being within two years, and still remaining in the hands of the defendant, Miller, is liable to plaintiffs' debt.

5. That the estate of Isaac in the "Walker's bluff" tract, though conveyed to defendant, Smith, more than two years after the qualification of the former administrator, is also liable to plaintiffs' debt.

6. That the title to such of the lands as were conveyed by purchasers from the devisees, more than two years after the qualification of the former administrator, for valuable consideration and without notice, is good and valid, against the plaintiffs' debt, in the hands of the defendants holding such conveyances.

The defendants excepted to the first, third, and fifth rulings of the court. The second, fourth and sixth are conceded to be correct.

*Messrs. T. H. Sutton* and *B. Fuller,* for plaintiffs.
*Mr. C. C. Lyon,* for defendant.

ASHE, J. The first question raised by the defendant's exceptions is, was there error in His Honor's ruling, that the devisees under the will of Isaac Wright took an estate defeasible upon their death without issue, substantially a life estate, and that upon the death of all the devisees, without issue, except W. C. Monroe, the whole estate survived to him.

In our opinion, this ruling is erroneous. The will of Isaac Wright was proved, and administration taken on his estate prior to the act of 1869; and the act of 1868–'9 (Bat. Rev., ch. 46, § 156) does not apply. The estate is to be dealt with and settled under the law as it existed prior to the first of July, 1869.

The clause which has given rise to this contest is set out in the statement of the case, and the proper construction of the will is, that it gives to the devisees an estate in common in fee, defeasible upon the death of either of them in the lifetime of the testator, without a child, and upon the death of either before that of the testator, his or her interest goes to the survivors.

We are fully sustained in this construction by the decision in *Hilliard* v. *Kearney*, Busb. Eq., 221. The clause in the will for construction in that case was, "I give to my wife for her life, &c, and after her death, the said negroes and their increase to be equally divided among my five daughters (naming them), and if either of them die without an heir, her part to be equally divided among her other sisters." Chief Justice PEARSON delivered a long and elaborate opinion in the case, and announced the doctrine that " if there be no intermediate period, and the alternative is either to adopt the time of the testator's death, or the death of the legatee, generally, at some time or other whenever it may happen, as the period when the estate is to become absolute, the former will be adopted, unless there be words to forbid it, or some consideration to turn the scale in favor of

the latter." And this decision was cited and approved in *Davis* v. *Parker*, 69 N. C., 271. The Chief Justice seems to have overlooked the fact that there was an intermediate period in the *Hilliard-Kearney* case, but that does not affect the principle announced, nor did it effect the result in that case, for the legatee about whose interest the contest arose, died childless after the death of the testator's wife.

In our case it can make no difference whether the contingency of dying *without child* is referable to the death of the testator .or that of H. A. Monroe, the tenant for life of one of the tracts of land, for all of the devisees except Eliza J., survived him, and the estates of the three survivors became absolute at his death, if not at the death of the testator; and the interest of Eliza, who died in the lifetime of the testator, survived to them instead of lapsing to the heirs of the testator, for the devisees took the estate devised, as tenants in common; and when that is so, and a clause of survivorship is inserted, by legal construction it must be considered as having been added to prevent a lapse, in case any of the legatees should happen to die during the life of the testator or the tenant for life, as the case may be. *Cox* v. *Hogy*, 2 Dev. Eq., 121 ; *Hilliard* v. *Kearney, supra*.

The construction we have given to the clause of the will in question, disposes of the other exceptions, and leads to the conclusion that there is error in the third and fifth rulings of His Honor.

Our conclusion upon the whole case is, that none of the lands devised to the children of Lucy G. Monroe, which were sold by them more than two years after the qualification of the first administrator, H. A. Monroe, and none of such as were sold by said devisees within the two years, and sold after that time by their vendees to purchasers for value and without notice, are liable to be sold by the administrator to make assets for the payment of the debts of the testator. *Badger* v. *Daniel*, 79 N. C., 372.

This construction exempts from liability to be sold by the

administrator, the lands purchased by W. V. B. Smith from Isaac W. Monroe; those purchased by Hendrick & Ryan at execution sale, as the property of Adolphus and Isaac Monroe, and afterwards sold bv their vendee to Clark and Sutton; and the other lands of Adolphus and Isaac, which were mortgaged by them to H. A. Monroe and sold under a decree of foreclosure to W. A. Savage.

This leaves the land sold by Hedrick & Ryan to Daniel Miller, and remaining in the hands of his heirs at the time of the institution of this proceeding, liable to be sold by the administrator.

Of course if there are any of the lands devised to the children of Lucy G. Monroe, which have not been disposed of by them or their heirs, or were conveyed by them within the two years, and are remaining in the hands of such vendees, who purchased within that time, they are liable.

The cause is remanded to the superior court of Bladen county, that further proceedings may be had according to law and in conformity to this opinion.

Error.                    Modified and cause remanded.