LUCY BAIRD v. C. S. WINSTEAD.

(Decided November 9th, 1898).

*Wills—Dower.*

1. An estate for life to the widow of the son of testator, conditioned upon the death of the son without issue is defeated by his death, leaving issue.

2. The son of a testator having acquired the land and intermarried with the plaintiff prior to 1860, she is barred by right of dower, by the sale of the land to the defendants, during his life, by his assignee in bankruptcy.

CIVIL ACTION to recover land, tried before *Robinson, J.*, at April Term, 1898, of the Superior Court of PERSON County.

The plaintiff, Lucy Baird, widow of Thos. A Baird, claimed a life estate in the land under the will of William Baird, father of her husband, dated in 1856. Her marriage occurred prior to 1860 and the title of her husband under the same will vested prior to 1860. His interest was sold during his life time at sale in bankruptcy, and purchased by defendants, who claim under the assignee's deed.

His Honor decided that the plaintiff, upon the death of her husband, leaving issue, was not entitled to any life estate in the land, and the plaintiff submitted to a non-suit and appealed.

The clauses of the will of William Baird relied upon by the plaintiff are recited in the opinion.

*Messrs. Winston & Fuller*, for plaintiff (appellant).
*Mr. J. W. Graham*, for defendants.

CLARK, J.:   Clause 5 of the will gives the residue of the estate absolutely ''to be equally divided'' between the testator's six sons, therein named, Thomas being one of them. In clause 7 there is a condition or defeasance, ''should my son Thomas die without leaving issue, then I desire that his share as above shall be equally divided among his brothers, and if any of his brothers be then dead, the children of the dead brothers shall take their dead father's share; if, however, Thomas should leave a widow I desire her to have the use of the property during her life or widowhood.'' The estate of Thomas was absolute unless defeated by his dying without issue, and only if thus defeated did the reservation of a life estate to the widow take effect as a limitation upon Thomas' entire share going to his brothers. Should he die leaving issue, it was evidently contemplated (*Code*, Section 2180) that the estate should go in usual course unless devised or sold by him, to his issue with the right of dower in his wife. Thomas died leaving issue, and the only contingency in which the widow could claim a life estate in the property has not arisen. The defendants hold the realty under purchase at a sale thereof by the assignee in bankruptcy of Thomas, who intermarried with the plaintiff and also acquired the land prior to 1860. She is, therefore, also barred of right of dower therein. *Sutton* v. *Askew*, 66 N. C., 172. In holding that the plaintiff could not recover, there was no error.

No error.