SAIN v. BAKER.

(Filed May 14, 1901.)

1. WILLS—*Limitations*—*"Heirs"*—*"Children."*

Where a testator devises land to his son with a limitation over to his daughters, provided the son dies without heirs, the word "heirs" is construed to mean "children."

2. WILLS—*Limitation*—*The Code, Sec. 1327.*

A devise of land to a son with a limitation over to three daughters, provided the son dies before his wife and without heirs, is good, though the devisor dies before the son.

3. WILLS—*Life Estate.*

When a testator devises land to his son with a limitation over to his daughters, provided the son dies without heirs, the son dying without children, can not by will give his wife a life estate with the remainder to a third party.

4. WILLS—*Residuary Legatee*—*Personal Property.*

A person made residuary legatee as to all personal property, does not take land which the testator fails to devise.

ACTION by S. A. Sain, D. L. Porter, W. A. Porter, J. D. Porter, Mary C. Walsh, J. L. Walsh, J. M. Benson, S. J. Benson, G. W. Law, M. A. Law, Israel Mosteller and wife Barbara, Barbara Beam and Mary A. Sain against M. J. Baker and Dora S. Baker, his wife, heard by Judge *E. W. Timberlake* and a jury, at December (Special) Term, 1900, of LINCOLN County Superior Court. From a judgment for the plaintiffs, the defendants appealed.

*D. W. Robinson,* for the plaintiffs.

*A. L. Quickel, Osborne, Maxwell & Keerans,* and *Jones & Tillett,* for the defendants.

CLARK, J.   The first exception (that the Court refused to permit a witness to be asked on cross-examination whether J. W. Leonhardt died intestate or left a will) became immaterial and need not be considered, for the defendants afterwards introduced the said will.   The defendants could not have introduced the will on cross-examination in evidence. *Olive v. Olive,* 95 N. C., 485.   The second exception was abandoned.

Daniel Leonhardt died in 1860, and by his will, bearing date the same year, he devised the first three tracts mentioned in the complaint to his son, J. Wesley Leonhardt.   It was admitted in open Court, and also in the pleadings, that Daniel Leonhardt at the time of his death had title to the same, and that the plaintiffs are the sole heirs of Daniel Leonhardt since the death of J. Wesley Leonhardt, who died leaving no children.   It was also admitted that the title to the fourth and fifth tracts was in J. Wesley Leonhardt at his death, and that both plaintiffs and defendants claim title under him.

By the third item of the will of Daniel Leonhardt, he devised the first three tracts to his son Wesley Leonhardt aforesaid.   But by the seventh item thereof he provides: "My will and desire is that all the lands and negro boy Samuel that I have willed to my son Wesley, provided he should die before his present wife and without any lawful heir or heirs, in that case the lands and said negro boy I direct to be sold and the proceeds thereof to be equally divided between my three daughters" (naming them).   The plaintiffs are one of the three sisters and the children of the other two.

It was uncontradicted evidence that J. Wesley Leonhardt died before his wife (who was the only wife he ever had), and that he died without having had any issue.   The entire will must be construed together.

Item 7 thereof, taken in connection with item 3, created a

128———17

contingent executory devise, after a fee conditional, for the
benefit of plaintiffs, should Wesley Leonhardt die without
leaving heir or heirs. *Kornegay v. Morris,* 122 N. C., 199;
*Baird v. Winstead,* 123 N. C., 181; *Watson v. Smith,* 110
N. C., 6; *Fortescue v. Satterthwaite,* 23 N. C., 566.

From the context it is clear that the words "without·any
lawful heir or heirs" in Item 7 are used in the sense of dying
"without *issue* or *children,*" otherwise the limitation over to
Wesley's sisters, Daniel Leonhardt's daughters, would have
been in vain. *Rollins v. Keel,* 115 N. C., 68. This limita-
tion over is not void for remoteness, and took effect at the
death of the devisee Wesley Leonhardt without issue, by vir-
tue of the act of 1827, now The Code, section 1327. *Buch-
anan v. Buchanan,* 99 N. C., 308. The defendants strenu-
ously contend that the limitation over was void unless Wesley
had died without issue during the life of the testator—rely-
ing upon cases cited by counsel, especially *Hilliard v. Kear-
ncy,* 45 N. C., 221; *Burton v. Conigland,* 82 N. C.; 99.
This would have been correct at common law and down to the
enactment of the statute of 1827, just cited, which by its
terms applies only to wills executed since 15th January,
1828. *Weeks v. Weeks,* 40 N. C., 111.

Prior to the statute of 1827, when there was a devise like
this to one in fee, with a limitation over upon his death with-
out issue, or without heirs, the courts held that this meant
a dying without issue, or without heirs, during the lifetime
of the testator. This was a strained construction, for the
will speaks as of the time of the testator's death, and natur-
ally would contemplate the death of the devisee, without
issue, at a subsequent date. The reason given, however, was
that if it was held to mean a dying after the testator's death,
without heirs, or without issue, that would be by common law
rules any future failure of heirs, and the devise would fail
for remoteness. Hence it was held that if a devisee in such

case was alive at the testator's death, the estate became inde-
feasible and the limitation over was void. The statute put
what would seem to us a common sense construction on these
words (which, if it had been held, would have avoided either
of above alternatives) by prescribing that these words of
limitation should be held to mean a dying without issue, or
without heirs, *"living at the time of devisee's death"* (or with-
in ten months thereafter). Code, section 1327.

In *Hilliard v. Kearney,* 45 N. C., 222, the will construed
was executed in 1775; in *Gibson v. Gibson,* 49 N. C., 425,
the will bore date 1823; in *Hollowell v. Kornegay,* 29 N.
C., 261, the will was of date 1786, and in *Brown v. Brown,*
25 N. C., 134, the testator died in 1801. In this last case,
while applying the common law rule, the Court refers to
the statute of 1827 and recognizes that wills executed subse-
quent thereto must be construed by its provisions. In both
*Burton v. Conigland,* 82 N. C., 100, and *Murchison v.
Whitted,* 87 N. C., 465, the will was dated since 1827, and the
opinion is evidently inadvertent in laying down a *dictum*
recognizing the old line of decisions, but what was said on
that head was *obiter* and not necessary to the determination
of either case. *Davis v. Parker,* 69 N. C., 271, ignored the
statute of 1827, and was overruled in *Buchanan v. Buchanan,*
*supra,* in which the purpose of the statute is discussed and
clearly enunciated, and as it is also in *Kornegay v. Morris,*
*supra,* and any other construction would destroy the statute
and defeat its object.

Therefore, as to the first three tracts named in the com-
plaint, by the terms of Daniel Leonhardt's will they passed
to the plaintiffs upon the death of J. Wesley Leonhardt in
1898 without issue.

In the second clause of the will of J. Wesley Leonhardt,
he attempted to give the three tracts above referred to, which
had been devised to him by his father, to his wife for life.

This was beyond his power for the reasons already given; but as the wife died shortly after her husband and there is no limitation over said three tracts, pass, in any view of the case, to his heirs at law.

In the third clause of said will, J. Wesley Leonhardt gave a tract of 133 acres to his wife for life, with remainder at her death to the defendant Dora S. Baker, but there is no devise of the testator's two other tracts, which are numbered fourth and fifth in the complaint. In the fourth clause of his will he gives all his "personal effects of every kind and description" to his wife for life, and at her death "whatever is remaining of my personal property or effects to Dora S. Baker, wife of Michael Baker, her heirs and assigns forever." It was seriously argued to us that the rule that a testator is presumed not to die intestate as to any property, carried all five tracts of land named in the complaint to the defendant Dora S. Baker. But by the very terms of the fourth clause under which she claims, Dora S. Baker was residuary legatee of the personal estate only. By the second and third clauses only was the realty devised. For reasons above given, the first three tracts named in the complaint (and referred to in the second clause of Wesley's will) passed to plaintiffs. The fourth and fifth tracts named in the complaint are not devised; as to them, Wesley having died intestate, they likewise passed to plaintiffs, and his Honor correctly instructed the jury if they believed the evidence to answer the first issue "Yes."

There was no exception upon the second issue as to the damages for detention.

No error.