## LOCKHART v. COVINGTON.

(Filed April 28, 1903.)

WILLS—*Construction—Estates—Reversion.*

> Under the terms of the will set out in the opinion the children of the devisor living at the time of the death of the widow of the devisor take a fee simple estate.

ACTION by Martha W. Lockhart and others against Lizzie Covington and others, heard by Judge *O. H. Allen,* at February Term, 1903, of the Superior Court of UNION County. From the judgment both sides appealed, other than Lizzie Covington.

*Armfield & Williams,* for plaintiffs.

*W. P. Andrews* and *Redwine & Stack,* for defendant Lizzie
Covington.

*T. W. Bickett,* for guardian and infants.

CLARK, C. J.   D. A. Covington died in 1870 leaving sur-
viving him his wife and six children.   In clause 1 of his will,
he provides that all his property should "remain undivided
and to belong in common to my wife and children and to
be under the control, management and supervision of my
dear wife, until such contingency, of which I shall herein-
after speak, may take place."   In item 2, he authorizes the
wife to sell property to pay debts, and in item 3 to use any of
the property to provide for and to educate his children.   In
item 4 he gives his wife full power and authority to sell the
lands, negroes or any property if she may think it to the
interest of herself and children, and that he desires that his
wife shall "stand in the same relationship to all my property
and estate, and also to my children, that I now do, to buy or
sell any and everything that she pleases, *to give off to the
children as she chooses,* and to control everything pertaining
to my worldly estate   *   *   *   *   and for her to be the
judge of what is best."   In item 5 he requests his wife to give
off to each child on marriage such portion as she may think
best.   In item 6, he provides that in case of his widow marry-
ing that the property shall be divided, and specifies the shares
for her and the children, and that the division shall be based
upon the number of children then living, and that the share
devolving on his wife shall at her death "be equally divided
among all her children."   In the seventh and last item, he
appoints his wife executrix and adds a postscript that should
his wife not marry again, at her death all the property "to be
equally divided among our children and their lawful heirs,
and should one of my children die to whom a portion of my

property or estate had been advanced, leaving no lawful issue, then in that event *the property so advanced* to revert to those of my children, or the heirs of my children that are alive—I mean of my living children and the children of those who are dead."

In the facts agreed it appears that the widow died in 1897 without having remarried, and had given off to the children all of the property left by her husband except some personalty disposed of by her will; that in 1892 and 1893 she conveyed to her son J. G. Covington the lands here in controversy; that she died in 1897; that J. G. Covington married in 1898 and died in 1902 without issue, having devised said lands to his wife. This action is by the heirs at law of D. A. Covington to recover said lands upon the ground that they had *reverted* to them at the death of J. G. Covington.

The evident purport of the will is to give the entire estate to his wife in trust for herself and children with power of advancement, but providing for a final division, allotting to the children their shares in severalty either at her marriage or death, and, if at her marriage, then her share to be for life and that to be divided at her death among the children. The provision in the postscript restricts the advancements made so that if any child advanced shall be dead, without issue, at the time specified for the final division (*i. e.,* at the death of the wife), not its share but its advancement shall revert, and be brought into hotch potch and divided. The "reverter" takes effect at the final division at the death of the wife. It is in the clause providing for such division, which has no reference to any later time.

The Code 1327 has no application. There is no limitation in this will to the children at all, but a provision for the final division at the death of the wife (both in the event of her remarriage or not remarrying) and that she may make advancements, but if the child advanced by her shall

die without leaving issue "the property *so advanced,* to revert to those of my children, or the heirs of my children, *that are alive"*—meaning those alive at the time of the division. By the final division, the property was vested in each of the children, in *fee simple* and J. G. Covington had full power to devise it. *Sain v. Baker,* 128 N. C., 256, in no wise conflicts with this. There, a defeasible estate was given to the son. Here, nothing was given to the son except a right to share in the final division of the estate at the death of his mother, equally with his brothers and sisters (or their issue) then alive, subject to the mother's power to make advancements, which power was clogged with the requirement that if the child so advanced should die without issue, such advancement should revert and be divided among the children *that are alive, i. e.,* alive at the time of this final division.

It must be noted that no property except the *advanced* property would revert—thus showing conclusively that the reverter must have taken place at the time of the final division.

No Error.

WALKER, J., did not sit on the hearing of this case.