### J. A. FAISON, GUARDIAN, v. B. C. MOORE.

(Filed 9 October, 1912.)

**Wills—Devises—Estates—Remainders—Tenant by the Curtesy.**

A will devised to M., testator's niece, "all my real estate on the south side of College Street through to Bay Street, also all the land known as the Summerland land on the west side of the public road, during her natural life, and if she marries and leaves heirs from such marriage, then to her heirs in fee simple; if she dies without issue from such marriage, all the real estate loaned to her to be divided between J. and B.: *Held*, (1) that said B. took only a life estate, with remainder to her children, and on her death without children or issue of her marriage then living, the ultimate devisees became the owners entitled to possession of the property; (2) the term "loaned," under the meaning of the clause, is synonymous with give, devise, or bequeath, and in this case the term applies to both parcels of land, and the devise creating only a life estate in the niece, the surviving husband is not entitled as tenant by the curtesy, though there had been issue born alive during coverture.

APPEAL by defendant from *O. H. Allen, J.,* at February Term, 1912, of DUPLIN.

Action of ejectment. On the admissions in the pleadings and the facts in evidence agreed upon by the parties, including the original will as an exhibit, there was judgment for plaintiffs, and defendant excepted and appealed.

*Faison & Wright for plaintiff.*
*Rountree & Carr for defendant.*

HOKE, J. The rights of these parties were properly made to depend on the construction of the will of D. G. Morrisey, deceased, more especially the fourth clause thereof, in terms as follows:

"4. I give to my adopted baby, Maggie L. Bass, all my real estate on the south side of College Street through to Bay Street, also all the land known as the Summerland land on the west side of the public road running out by Carlton's, during her natural life, and if she marries and leaves heirs from such marriage, to such heirs in fee simple; also $100 in money. If she dies and leaves no heirs from such marriage, all the real estate

loaned her to be divided between Junius Chestnut, son of my
nephew, Junius M. Chestnut, and D. G. Morrisey, Jr., son of
my nephew, John M. Morrisey."

The .Maggie L. Bass referred .to went into possession of the
land under said will and intermarried with defendant B. C.
Moore and died on 31 March, 1911, without leaving child or
children or lineal descendants of a marriage then living. There
had been issue of the marriage born alive during coverture.
Plaintiffs are the Junius Chestnut and the three children and
heirs at law of the D. G. Morrisey, deceased, the ultimate de-
visees in said fourth item of the will, and make their claim
as such, contending that Maggie L. Bass took a life estate in all
the property mentioned, with remainder to said claimants.

Defendant B. C. Moore contends that said Maggie L. Bass
took the first portion of the land in fee, and that he is entitled
to hold said portion as tenant by curtesy.

Upon these the controlling facts relevant to the inquiry, we
think his Honor correctly ruled that plaintiffs are the owners
and entitled to the present possession of the property.

Under our decisions the will conferred upon Maggie L. Bass
a life estate, remainder to her children, and in case she died
without children or issue of her marriage then living, all the
real estate loaned to her to be divided between Junius Chestnut
and D. G. Morrisey, deceased, the father of the other plaintiffs.
*Smith v. Lumber Co.,* 155 N. C., 389; *Sain v. Baker,* 128 N. C.,
256; *Rollins v. Keel,* 115 N. C., 68.

Under the clause in question the property is treated as a
whole. There is no punctuation and nothing that gives indi-
cation that the testator intended to differentiate the one portion
from the other in reference to the quantity of the estate. "The
word lend is not infrequently used as synonymous with give or
bequeath or devise," and this should be the interpretation unless
it is manifest that a different meaning was intended (*Sessoms
v. Sessoms,* 144 N. C., 121), and when the testator devised that
in case Maggie L. Bass died leaving no heirs from her mar-
riage, "all the real estate loaned her should be divided," he
clearly referred to the entire property included in the clause.

On the question presented the case is not dissimilar to that of *Hyman v. Williams,* 34 N. C., 92-93, and on authority as stated the judgment in plaintiffs' favor must be affirmed.

Affirmed.

WALKER and ALLEN, JJ., did not sit.