DEVIN, J., took no part in the consideration or decision of this case.
This is a special proceeding for the sale of lands to make assets for the payment of the debts of John W. Wood, deceased.
The proceeding was begun in the Superior Court of Johnston County, before the clerk, by summons dated 6 March, 1933, and duly served on the defendants, the heirs at law of John W. Wood, deceased.
After a trial of the issues raised by the original pleadings in the proceeding, and a judgment ordering the sale of the lands described in the petition, at February Term, 1934, of the Superior Court of Johnston County, the defendants Premier Fertilizer Company and Wade F. Johnson, on their own motion, were made parties to the proceeding, and filed a pleading in which they alleged that since the death of John W. Wood *Page 798 
they have become the owners, respectively, of shares of the land owned by the said John W. Wood at his death, claiming title thereto under the defendants Glenn Wood and Elmon Wood, and that said shares are not now subject to sale to make assets for the payment of the debts of the said John W. Wood, deceased.
The proceeding was heard by Judge Barnhill at October Term, 1934, of the Superior Court of Johnston County on a statement of facts agreed. These facts are as follows:
1.John W. Wood died in Johnston County, North Carolina, on 31 October, 1928, leaving as his heirs at law certain children, including the defendants Glenn Wood and Elmon Wood, all of whom are parties to this proceeding.
2.On 14 November, 1928, the petitioners, G. R. Johnson and J. Mang Wood, duly qualified as administrators of John W. Wood, deceased, and at once entered upon the administration of his estate.
3.On 12 December, 1928, a special proceeding was instituted in the Superior Court of Johnston County, before the clerk, for the partition among his heirs at law of the lands owned by the said John W. Wood at his death; the said lands were duly partitioned among the heirs at law of the said John W. Wood by commissioners appointed by the court for that purpose; the report of said commissioners was duly filed in the office of the clerk of the Superior Court of Johnston County on 16 April, 1929, and thereafter the partition of said lands made by the said commissioner was duly confirmed by the court on 7 March, 1932.
4.On 14 December, 1929, the defendant Glenn Wood, one of the heirs at law of John W. Wood, deceased, conveyed his interest in all the lands allowed to him in the partition of the lands owned by his father, John W. Wood, at his death, by a deed of trust to E. C. West, trustee. This deed of trust was duly recorded in the office of the register of deeds of Johnston County, on 14 December, 1929, in Book No. 204, at page 527.
5.On 13 January, 1931, under the power of sale contained in said deed of trust, E. C. West, trustee, sold and conveyed the land described therein to Joe P. Smith by a deed which was duly recorded in the office of the register of deeds of Johnston County on 6 March, 1931, in Book No. 275, at *page 483. 
6.On 16 January 1931, Joe P. Smith and his wife conveyed the land described in the deed from E. C. West, trustee, to Joe P. Smith, to the defendant, Premier Fertilizer Company, by a deed which was duly recorded in the office of the register of deeds of Johnston County on 6 March, 1931, in Book No. 275, at page 478.
7.On 20 March, 1929, the defendant Elmon Wood, one of the heirs at law of John W. Wood, deceased, conveyed his interest in the lands *Page 799 
allotted to him in the partition of the lands owned by his father, John W. Wood, at his death, by a mortgage deed to W. Jesse Stanly. This mortgage deed was duly recorded in the office of the register of deeds of Johnston County, on 4 May, 1929, in Book No. 237, at page 145.
8.On 24 February, 1930, under the power of sale contained in said mortgage deed from Elmon Wood to W. Jesse Stanly, the said W. Jesse Stanly, mortgagee, sold and conveyed the land described therein to P. B. Johnson, by a deed which was duly recorded in the office of the register of deeds of Johnston County, on 25 February, 1930, in Book No. 220, at page 295.
9. On 10 March, 1930, P. B. Johnson conveyed the land described in the deed from W. Jesse Stanly to P. B. Johnson to the defendant Wade F. Johnson by a deed which was duly recorded in the office of the register of deeds of Johnston County, on 12 March, 1930, in Book No. 211, at page 495.
10. After the death of John W. Wood on 18 December, 1928, the petitioners herein, as his administrators, offered for sale at public auction all the personal property belonging to his estate. At said sale it was agreed by and between the said administrators and the defendants Glenn Wood and Elmon Wood, heirs at law and distributees of the estate of John W. Wood, deceased, that if either the said Glenn Wood or the said Elmon Wood became a purchaser at said sale of any of said personal property, the administrators would accept the note of the purchaser in payment of the purchase price for such property as he had purchased, his share in the estate to be security for the payment of said note. This agreement was in parol. Pursuant to said agreement, Glenn Wood and Elmon Wood became the purchasers at said sale of certain property, and gave to the administrators their joint note for the sum of $1,105.45, the purchase price of said property.
11. The note executed by Glenn Wood and Elmon Wood and payable to the administrators of John W. Wood, deceased, was not paid at its maturity, and the said administrators brought suit against the said Glenn Wood and Elmon Wood in the Superior Court of Johnston County on said note, and recovered judgment thereon. This judgment was duly docketed in the office of the clerk of the Superior Court of Johnston County, on 13 March, 1930, in Judgment Docket no. 15, at page 205. It is provided in said Judgment that the same shall be credited with the sums due to Glenn Wood and Elmon Wood as their distributive share in the estate of their father, John W. Wood, deceased, and that execution shall issue on said judgment only for the balance due after such credits.
12. At the dates of the respective deeds under which the defendants Premier Fertilizer Company and Wade F. Johnson hold title to the *Page 800 
shares in the lands owned by John W. Wood at his death, allotted in the partition of said lands to the defendants Glenn Wood and Elmon Wood, respectively, the defendants Premier Fertilizer Company and Wade F. Johnson had only such notice of the indebtedness of the estate of John W. Wood, deceased, and of Glenn Wood and Elmon Wood to his administrators, on account of the note executed by them, and of the judgment on said note recovered by said administrators, as was shown by the public records in Johnston County. They had no notice as to whether the personal property belonging to his estate was sufficient in value for the payment of the debts of the said John W. Wood, deceased. They had only constructive notice that the estate of the said John W. Wood had not been finally settled by his administrators.
13. Both Glenn Wood and Elmon Wood are now insolvent, and were insolvent at the date of the sale of the personal property belonging to the estate of John W. Wood, deceased, by his administrators, except for their interest in his estate, as heirs at law and distributees.
14. The petition in this proceeding was verified by the petitioners before the clerk of the Superior Court of Johnston County on 25 February, 1933, and thereafter filed with said clerk on 6 March, 1933. All of the heirs at law of John W. Wood are defendants in the proceeding and were duly served with summons; the defendants Glenn Wood and Elmon Wood, filed no answer to the petition. The issues raised by the original pleadings were referred by the judge to a referee, for trial, on 18 October, 1933. The referee filed his report on 9 November, 1933, which was duly confirmed by the judge at November Term, 1933, of the Superior Court of Johnston. The defendants Premier Fertilizer Company and Wade F. Johnson were made parties to the proceeding, on their own motion, at February Term, 1934, of the Superior Court of Johnston County, and at said term filed a petition in the proceeding in which they prayed that commissioners appointed by the court be enjoined from selling the shares of the lands owned by John W. Wood at his death now owned by them, respectively. The temporary restraining order issued on the motion of said defendants was subsequently continued to a final hearing of the proceeding on the issues raised by the petition of said defendants and the answers of the plaintiffs to said petition.
On these facts, in accordance with its opinion as to the law determining the rights of the parties to this proceeding, it was considered, ordered, and adjudged by the court:
1.That the lands allotted to the defendant Elmon Wood in the partition of the lands owned by his father, John W. Wood, at his death, and now owned by the defendant Wade F. Johnson, claiming title thereto under the said Elmon Wood, are subject to sale in this proceeding, both (a) for the payment of the amount due on the judgment recovered by *Page 801 
the petitioners against the said Elmon Wood, and (b) to make assets for the payment of the debts of John W. Wood, deceased.
2.That the lands allotted to the defendant Glenn Wood in the partition of the lands owned by his father, John W. Wood, at his death, and now owned by the defendant Premier Fertilizer Company, claiming title thereto under the said Glenn Wood, are not subject to sale in this proceeding, either (a) for the payment of the amount due on the judgment recovered by the petitioners against the said Glenn Wood, or (b) to make assets for the payment of the debts of John W. Wood, deceased.
From this judgment the plaintiffs and the defendant Wade F. Johnson appealed to the Supreme Court, assigning errors in the judgment.
Section 76, Consolidated Statutes of North Carolina, 1919, prior to its amendment by chapter 355, Public Laws of North Carolina, 1935, was as follows:
"All conveyances of real property of any decedent made by any devisee or heir at law, within two years from the grant of letters, shall be void as to the creditors, executors, administrators, and collectors of such decedent; but such conveyance to bona fide purchasers for value and without notice, if made after two years from the grant of letters, shall be valid even as against creditors."
In the instant case the conveyance of the lands allotted to Elmon Wood in the partition of the lands owned by John W. Wood, at his death, to the defendant Wade F. Johnson, by the deed of P. B. Johnson, whose title to said lands was derived from the mortgage deed executed by Elmon Wood, was within two years from the grant of letters to the administrators of John W. Wood, deceased. For that reason the conveyance to the defendant Wade F. Johnson is void under the statute in force at the trial of this proceeding, as against the petitioners herein, although the defendant Wade F. Johnson was a bona fide purchaser of the lands conveyed to him, for value and without notice that the personal assets of the estate of John W. Wood, deceased, were not sufficient in value for the payment of his debts.
The conveyance of the lands allotted in said partition to Glenn Wood to the defendant Premier Fertilizer Company was made after two years from the grant of such letters, and is valid as to the petitioners, if the defendant Premier Fertilizer Company was not only a bona fide *Page 802 
purchaser of the lands conveyed to him for value, but also such purchaser without notice. See Murchison v. Whitted, 87 N.C. 465. The defendant Premier Fertilizer Company had no actual notice at the time the lands were conveyed to him that the personal assets belonging to the estate of John W. Wood, deceased, were not sufficient in value for the payment of his debts. It does not appear from the facts agreed that said defendant had constructive notice of the amount of the indebtedness of John W. Wood at his death, or of the value of his personal property. The fact that it appeared from the records in Johnston County that the estate had not been settled was not notice to the defendant of such fact.
There is error in the judgment that the lands now owned by the defendant Wade F. Johnson are subject, and that the lands now owned by the defendant Premier Fertilizer Company are not subject to sale in this proceeding for the payment of the debts of John W. Wood, deceased.
There is error, however, in the judgment that the lands now owned by the defendant Wade F. Johnson are subject to sale for the payment of the indebtedness of Elmon Wood to the petitioners, as evidenced by the judgment recovered by the petitioners against the said Elmon Wood. This judgment was docketed subsequent to the registration of the mortgage deed from Elmon Wood to W. Jesse Stanly, under which the defendant Wade F. Johnson claims title to the lands conveyed to him by P. B. Johnson. The petitioners have no lien in the lands conveyed to the defendant Wade F. Johnson by P. B. Johnson, by reason of the parol agreement between the petitioners and Elmon Wood with respect to the payment of the note which was subsequently reduced to judgment.
As modified in accordance with this opinion, the judgment is
Affirmed.
DEVIN, J., took no part in the consideration or decision of this case.